UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARIEN C. PEARSALL,

    Petitioner,

v.                                                 CASE NO: 8:07-CV-322-T-30TBM

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition, Respondent's response (Dkt. #11) and Petitioner's reply (Dkt. #14). Upon review, the Court determines that the petition must be denied because many of the claims are procedurally barred and the remaining claims do not meet the requirements of 28 U.S.C. §2254(d) and (e).

## BACKGROUND

Pearsall (hereinafter "Pearsall" or "Petitioner") was convicted at jury trial for the sale of cocaine within 1,000 feet of a school and possession of cocaine with intent to sell within 1,000 feet of a school. The cocaine was sold to law enforcement officers during an undercover operation. The transaction was videotaped by a hidden camera. Pearsall was later identified as the seller by someone who observed the tape. At trial, Pearsall's defense

was that he was misidentified as the seller - it was not him that appeared on the tape. He did not contest that the item sold was cocaine.

All of Pearsall's claims in this petition arise, in one way or another, from a discrepancy in the Florida Department of Law Enforcement (hereafter "FDLE") lab documents concerning the date on which the lab received the cocaine for testing. One such document shows the cocaine to have been received on July 21, 2000, which was seven days before the sale took place on July 28, 2000.

Pearsall raised this date discrepancy in a Rule 3.850 motion asserting three grounds for relief:

(1) ineffective assistance of counsel;

(2) prosecutorial misconduct by the presentation of perjured testimony; and

(3) insufficiency of the evidence to support the convictions.

The state court held an evidentiary hearing and made a factual finding that the July 21, 2000 date was a mistake and the correct date that the lab received the cocaine for testing was August 11, 2000. The state court's April 1, 2005 Order denying post-conviction relief made the following findings:

> 1. Although the motion appears to contain three discrete grounds for relief, in actuality all grounds revolve around the same factual allegations. Ground two of the motion accuses the state of prosecutorial misconduct by presenting perjured testimony. As will be seen, this assertion is wholly without merit. Ground three claims there is insufficient evidence to support the conviction. This is not a recognized ground for relief under Fla. R. Crim. P. 3.850. Instead, the error complained of is addressable, if at all, as ineffective assistance of counsel based on a failure to object.

2. The following evidence was presented at trial. Frequent reference will be made to the record on appeal, designated herein by "R" or "T" (for trial transcript) followed by page number. In the event Defendant appeals this order, the Clerk of Court is directed to forward the record to the Second District Court of Appeal. Defendant was charged with and convicted of sale of cocaine and possession of cocaine with intent to sell; both charges were enhanced by a claim they occurred within 1,000 feet of a school. (R19-20, 98). He was sentenced to concurrent terms of 25 years as a Habitual Felony Offender (R105-1 12). The cocaine was sold to law enforcement officers who were conducting an undercover operation. The sale took place at a gas station on Scenic Highway in Lake Wales. The officers were from Ft. Meade and Hardee County. The transaction was videotaped on a hidden camera, and the tape was later shown to someone who identified the seller as Defendant. *See* generally the prosecutor's opening statement at T160-2. Defendant admitted that a sale of cocaine had taken place but argued that he was misidentified as the seller. T162. Defendant did not testify at trial.

3. The issue raised in the present motion relates to the submission of the cocaine to the Florida Department of Law Enforcement. Trial testimony indicated the sale took place July 28, 2000. However, the record includes a computer-generated bar code sticker indicating that the F.D.L.E. actually received the cocaine for testing July 21, 2000. Thus, Defendant reasons, the state's only physical evidence could not have been acquired July 28, the State therefore lacked a corpus delicti, and counsel was ineffective for not pointing this out to the jury. Upon a review of Defendant's motion the Court concluded that an evidentiary hearing was necessary to determine whether there was a plausible explanation for this discrepancy. The Court heard from several witnesses employed by either the Lake Wales Police Department or F.D.L.E.

4. At the outset it must be pointed out that the bar code sticker is not the only evidence regarding dates. The officer who made the purchase testified that the sale occurred July 28. The date of July 28 was written on the evidence bag in permanent marker. Directly the evidence was turned in to the police department's evidence custodian, a form was generated also bearing the July 28 date. Upon receipt by F.D.L.E. evidence is tracked using a computerized evidence management system. A printout of the computer screen used for this purpose was provided to the Court at the evidentiary hearing. Near the top one finds a "created on" date which represents the date a given tracking file was first begun. In the present case (the evidence is traceable by a unique number assigned to each submission) the "created on" date is August 11, 2000. This date appears to be generated by the computer

itself and is not alterable. Witnesses from F.D.L.E. testified that this, not July 21, was the correct date. The August 11 date is also written in permanent marker on the paper envelope in which the bag of cocaine was sealed (ironically, just below the sticker with the July 21 date). This writing is by Christine Nicoson, the F.D.L.E. employee responsible for clocking in new evidence.

5.  So what is the origin of the July 21 date, which is visible not only on the bar code sticker but the computer screen itself (as the "received on" date, just below the "created on" date)? Christine Nicoson believes that her attention was diverted as she was processing a number of exhibits from Lake Wales on August 11. Specifically, she testified that she may have been called upon to update information regarding unrelated exhibits which had arrived at F.D.L.E. on an earlier date, presumably July 21. Somehow the computer "kept" the incorrect date. The "received on" date described above, unlike the "created on" date, does appear to be alterable by the computer operator. Ms. Nicoson had no independent recollection of the incident and stated that to her knowledge such an error had never occurred before.

6.  Although no witness could state with absolute certainty that the error occurred in the manner described by Ms. Nicoson, the Court finds, first, that the explanation is plausible and second, is corroborated by other circumstantial evidence, specifically the L.W.P.D. report, the date in Nicoson's handwriting, and the "created on" computer date described above. Further, and perhaps most fundamentally, Defendant has offered no evidence of a more compelling, alternative explanation. For this reason the Court concludes that trial counsel was not ineffective for failing to raise this issue at trial.

Accordingly, it is **ORDERED** and **ADJUDGED** that the Defendant's Motion for Postconviction Relief is hereby **DENIED**. Defendant is hereby notified that this order is appealable to the Second District Court of Appeal. In the event he desires to take an appeal Defendant would have to file Notice of Appeal within thirty days.

Pearsall appealed the denial of his 3.850 motion and raised two issues:

Issue One:   The trial court erred in denying the defendant's 3.850 motion for ineffective assistance of counsel.

<u>Issue Two:</u>   The trial court erred in continuing the evidentiary hearing in order to allow the state to properly prepare for trial.

During the appeal, it came to the appellate court's attention that certain exhibits submitted during the evidentiary hearing had not been included in the appellate record. The appellate court directed the Clerk of the Circuit Court to supplement the record with these exhibits. The record was later supplemented with the exhibits. Apparently, it is this event which gives rise to Pearsall's claim that the trial court judge tampered with the evidence by removing the exhibits. There is no evidence in the record that the trial court judge did anything with the exhibits. The Clerk of the Court merely did not include some of the exhibits in the record on appeal. On August 23, 2006, the 2nd District Court of Appeal filed a *per curiam* silent opinion affirming the trial court's denial of the Rule 3.850 motion. <u>Pearsall v. State</u>, 937 So.2d 132 (Fla. 2d DCA 2006).

## THE PRESENT PETITION

Pearsall filed the present §2254 petition on December 22, 2006 (signed on December 20, 2006) in which he raises eight grounds for relief:

**Ground One:**   The circuit judge who presided over Pearsall's postconviction proceeding tampered with the evidence and interrupted the chain of custody by personally removing the exhibits from the courtroom.

**Ground Two:**   Prosecutorial misconduct during original trial for withholding evidence of an FDLE form showing that evidence was submitted to FDLE on July 21, 2000, when the crime occurred on July 28, 2000.

**Ground Three:**   Trial counsel was ineffective by failing to object to the fact that evidence was withheld.

**Ground Four:**     The State Attorney lied under oath during the postconviction proceeding.

**Ground Five:**     The judge who presided over the postconviction proceeding was not fair, neutral, and impartial.

**Ground Six:**     State's witness, Teresa Adams, committed perjury during the postconviction evidentiary hearing.

**Ground Seven:**     State's witnesses, Christine Nicoson and Stacie Dunnahoe committed perjury during the postconviction evidentiary hearing.

**Ground Eight:**     Tampering of evidence/break in the chain of custody.

## STANDARD OF REVIEW

Since Pearsall filed his §2254 petition after April 24, 1996, it is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). AEDPA limits this Court's habeas review of state court proceedings to ensure that those proceedings were given proper effect. Bell v. Cone, 535 U.S. 685, 122 S.Ct. 1843 (2002). Specifically, AEDPA limits this court review in 28 U.S.C. §2254(d) as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In short, where the state court has ruled on the merits of a claim, this Court is only to consider whether the state court unreasonably applied federal law or unreasonably made findings of fact that are not supported by the evidence.  Here, the state court made findings of fact from the evidentiary hearing which undermine all of Pearsall's claims, even those that are procedurally barred from being considered by this Court.

Only grounds Two and Three are properly before this Court.  The others (grounds One, Four, Five, Six, Seven and Eight) are not cognizable on federal habeas review for the reasons explained below.  The state trial court made a finding of fact that the date causing Pearsall such consternation, July 21, 2000, was an error that was made by Ms. Nicoson when she first logged in the receipt of the cocaine in question.  The cocaine was actually received by the FDLE lab on August 11, 2000, about two weeks after the sale depicted in the videotape.  That finding is well supported by the evidence before the state trial court judge.  Therefore, the state court's rejection of Pearsall's 3.850 motion was neither an unreasonable application of federal law or an unreasonable determination of facts from the evidence.  Therefore, grounds Two and Three will be denied.

### Grounds One, Four, Five, Six, Seven and Eight

In grounds One, Four, Five, Six, Seven and Eight, Pearsall contends that errors, misconduct or perjury occurred during the Rule 3.850 post-conviction proceeding.  Federal habeas relief is not available for errors that may have occurred during a post-conviction hearing.  See Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990) ("Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction,

not infirmities in a state post-conviction relief proceeding"), cert. denied, 495 U.S. 936 (1990). Therefore, grounds One, Four, Five, Six, Seven and Eight are not cognizable here.

Further, these grounds are procedurally barred because Pearsall did not raise them on direct appeal from the Order denying him relief on his 3.850 motion. Because these alleged errors occurred during that post-conviction proceeding, Pearsall was required to preserve the issues and present them on direct appeal from that proceeding. His failure to do so procedurally bars him from raising them here. If the claims were not procedurally barred, they would fail on the merits for the same reasons claims two and three failed.

## CONCLUSION

Because grounds Two and Three fail on the merits, and grounds One, Four, Five, Six, Seven and Eight are unexhausted and procedurally barred, the petition will be denied.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on November 24, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2007\07-cv-322.deny 2254.wpd*